UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAROTA TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON; RAPLH DIAZ, S. SHERMAN, S SMITH, FNU SMITH, FNU JOHNSON, FNU PIPER, NIKKI JOHNSON, J. JIMENEZ, STATE OF CALIFORNIA, CDCR,<br><br>Defendants. | No. 1:20cv574-HBK (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL**<br><br>(Doc. Nos. 29, 30, 32, 33, 45) |

Pending before the Court are Plaintiff's duplicative motions to appoint counsel filed October 22, 2020 (Doc. No. 29), November 9, 2020 (Doc. No. 30), twice on November 16, 2020 (Doc. Nos. 32, 33), and December 4, 2020 (Doc. No. 45). Plaintiff Darota Tyrone Lewis is currently incarcerated at the California Health Care Facility and is proceeding *pro se* on his Civil Rights Complaint filed on April 14, 2020 (Doc. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 10).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil

1

action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The Court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff's motions are duplicative, each comprising between 15-16 pages.  Plaintiff argues that he is unschooled in the law, faces difficulties in obtaining legal research due to his incarceration, suffers from physical impairments, and has limited access to his legal materials.  At the outset, Plaintiff is advised that he should not file duplicative motions seeks the same relief, as it only serves to delay expeditious resolution of motions.  The Court does not find exceptional circumstances warrant appointment of counsel for Plaintiff.  Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.  A review of the docket further shows he is capable of adequately articulating his claims and seeking relief.  Further, Plaintiff's physical impairments have not impeded Plaintiff's ability to litigate this case and his references to various legal authorities defy his claim that he does not have access to legal resources.

Accordingly, Plaintiff's motions for the appointment of counsel (Doc. Nos. 29, 30, 32, 33, 45) are **DENIED without prejudice**.

IT IS SO ORDERED.

Dated:   December 28, 2020

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2