UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAROTA TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON; RAPLH DIAZ, S. SHERMAN, S SMITH, FNU SMITH, FNU JOHNSON, FNU PIPER, NIKKI JOHNSON, J. JIMENEZ, STATE OF CALIFORNIA, CDCR,<br><br>Defendants. | No. 1:20cv574-HBK (PC)<br><br>**ORDER STRIKING AND RETURNING PLAINTIFF'S DUPLICATIVE, PREMATURE MOTIONS AND MISCELLANOUS DECLARATIONS WITHOUT PREJUDICE TO REFILE**<br><br>(Doc. Nos. 34, 35, 38, 39, 43, 47, 48)<br><br>**ORDER GRANTING PLAINTIFF'S CONSTRUED MOTIONS FOR JUDICIAL NOTICE**<br><br>(Doc. Nos. 40, 44)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR AN ENLARGMENT OF TIME**<br><br>(Doc. No. 50) |

This matter comes before the Court upon review of the docket. This matter was reassigned to the undersigned on November 17, 2020. (Doc. No. 36).

Pending before the Court are the following litany of motions filed by Plaintiff: "notice of motion and motion for summary judgment" (Doc. No. 34) consisting of 87-page document filed November 16, 2020; "motion for summary judgment by default" (Doc. No. 35) filed November 16, 2020; "motion for summary judgment by default" (Doc. No. 38) consisting of 94 pages filed November 20, 2020; "notice of motion and motion to be heard" (Doc. No. 40) filed December 2, 2020, following reassignment of the case to the undersigned magistrate judge; Plaintiff's declaration (Doc. No. 41) filed December 2, 2020, concerning the dates on which the aforementioned motions were presented to prison officials for mailing; "motion for summary judgment default judgment" (Doc. No. 43) filed December 4, 2020, stating defendants have not

answered within 60 days of complaint; Plaintiff's notice of motion and motion to be heard (Doc. No. 44) filed December 4, 2020; and two additional declarations (Doc. Nos. 47, 48) filed December 7 and December 11, respectively. Also pending is Defendants' motion for enlargement of time to file a responsive pleading to the Complaint (Doc. No. 50, hereinafter "Defendants' Motion"), filed on December 14, 2020.

**Plaintiff's Motions**

Before Defendants' deadline to answer the Complaint, Plaintiff filed several motions, including motions for summary judgment (Doc. Nos. 34, 35, 38 and 43), declarations, most of which contain duplicative or impertinent information, separately filed, and not attached to any motion (Doc. Nos. 39, 41, 47 and 48). Certain of the motions for summary judgment are construed as seeking clerk's default based upon Plaintiff's mistaken belief that defendants' response(s) to his Complaint or summary judgment motions are untimely. Plaintiff, presumably concerned that his motions had not been addressed, asks the Court to take notice of his filings (Doc. Nos. 40, 44).

The Court is cognizant of Plaintiff's *pro se* status and likewise recognizes it obligations to construe his *pro se* motions liberally. However, duplicative and repetitive motions serve to only clog the docket. Plaintiff is advised that the Court endeavors to address all pending matters before it as expeditiously as possible within the confines of its heavy docket. Further, while motions for summary judgment can be filed at any time under Fed. R. Civ. P. 56, motions for summary judgment filed before discovery are disfavored and are considered premature. *De'von-Samuel James-Singleton Perkins v. Baughman*, 2020 WL 7624952 *3, Case No. 2:18-cv-01827-TLN-JDP (PC) (E.D. Ca. Dec. 22, 2020) (citing *Celotex Corp v. Catrett*, 477 U.S. at 317, 322 (1986)). As noted below, defendants' responses to the complaint were not yet due at the time Plaintiff filed his motions. Accordingly, the Court will direct the Clerk to terminate the associated pending motions, and strike and return Plaintiff's premature and duplicative motions for summary judgment, declarations, and requests that he receive a clerk's entry of default due to Defendants' failure to respond to his motions for summary judgment. **The striking of Plaintiff's motions is without prejudice to Plaintiff refiling a single free-standing motion for summary judgment, if**

**appropriate, after discovery and consistent with the Court's April 22, 2020 Informational Order**. *See* Doc. No. 5.

### Defendants' Motion

In Defendants' Motion, defendants state that the State of California's deadline to file a responsive pleading to the Complaint was December 17, 2020 and that the remaining defendants' deadline was December 14, 2020. *Id.* at 2. Defendants seek until January 14, 2021 to file a responsive pleading on behalf of all defendants. *Id.* at 2. Defendants cite the fact that the case was recently transferred within their office to the Department of Tort Litigation, among other reasons, resulting in the need for more time.

Fed. R. Civ. P. 6(b) provides the court with discretion to grant a parties' request for an enlargement of time, filed prior to the expiration of the initial deadline, for good cause shown. Here, the defendants timely filed their motion, prior to expiration of the initial deadline. And, the court finds good cause to grant Defendants' motion for an enlargement of time to file a responsive pleading to the Complaint.

ACCORDINGLY, it is **ORDERED**:

1. The **Clerk of Court** shall strike and return Plaintiff's premature and/or duplicative motions for summary judgment, declarations, and motions for default related to the summary judgment motions, construed to be a request for entry of Clerk's default, and terminate any pending motions associated with these filings (Doc. Nos. 34, 35, 38, 39, 43, 47, 48).

2. Plaintiff's construed motions to be heard and for the Court to take notice of Plaintiff's pending motions (Doc. Nos. 40, 44) are **GRANTED to the limited extent** that the Court addresses the motions herein.

3. Defendant's motion for an enlargement of time to file a responsive pleading (Doc. No. 50) is **GRANTED**. Defendants shall file a response to Plaintiff's Complaint **no later than January 14, 2021.**

IT IS SO ORDERED.

Dated:     December 30, 2020

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE