UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON; RAPLH DIAZ, S. SHERMAN, S SMITH, FNU SMITH, FNU JOHNSON, FNU PIPER, NIKKI JOHNSON, J. JIMENEZ, STATE OF CALIFORNIA, CDCR,<br><br>Defendants. | No. 1:20-cv-000574-NONE-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT EVIDENCE; MOTIONS FOR SUMMARY JUDGMENT BY DEFAULT; MOTIONS TO APPOINT COUNSEL AND MOTION FOR ENTRY OF DEFAULT<br><br>Doc. Nos. 57, 58, 59, 60, 61, 63, 64<br><br>ORDER GRANTING MOTION FOR COURT TO HEAR AND RULE<br><br>Doc. No. 62 |

Pending in this matter are the following motions by Plaintiff: Motion to Submit Evidence filed January 22, 2021 (Doc. No. 57); Motion for Summary Judgment by Default filed January 22, 2021 (Doc. No. 58); Motion to Appoint Counsel filed January 22, 2021 (Doc. No. 59); Motion for Entry of Default filed January 28, 2020 (Doc. No. 60); Motion for Summary Judgment by Default filed January 29, 2021 (Doc. No. 61); Motion for Court to Hear Motion for of Default Judgment filed January 29, 2021 (Doc. No. 62); Motion to Appoint Counsel filed January 29, 2021 (Doc. No. 63), and Motion for Default Judgment filed February 1, 2021 (Doc. No. 64).  At the outset, the

1

Court cautions Plaintiff to refrain from duplicative and repeated filings. Such filings only serve to further delay a resolution of this matter and congest the court's docket.

Plaintiff is a current or former state prisoner proceeding on various claims set forth in his *pro se* civil rights complaint as screened by the previous magistrate judge and agreed to by Plaintiff. *See* Doc. Nos. 1, 19 and 22. This matter was reassigned to the undersigned on November 17, 2020. Doc. No. 36. The Court granted Defendants an extension of time until January 14, 2021 to file a responsive pleading to the agreed complaint. Doc. No. 53. Defendants timely filed a Motion to Dismiss Plaintiff's agreed complaint on January 14, 2021. Doc. No. 54. As of the date of this Order, Plaintiff has not filed a response in opposition to the Motion to Dismiss, nor has Plaintiff timely filed an amended complaint as permitted under Fed. R. Civ. P. 15(a)(1)(B).

Motion to Submit Evidence (Doc. No. 57)

Plaintiff now moves to submit in excess of 100 pages of documents as evidence in support of his claim. *See* Doc. No. 57. Plaintiff acknowledges that certain of these documents were attached to his complaint. *Id*. at 2. Plaintiff states that these documents would likely be produced in discovery. *Id*. at 2-3. The Court has spent an inordinate amount of time trying to decipher the purpose and/or relevancy of the proposed documents. As noted *supra*, Defendants filed a motion to dismiss, not a motion for summary judgment. The motion seeks dismissal of Plaintiff's agreed complaint on the basis of Eleventh Amendment Immunity and general sufficiency pleading grounds, including that Plaintiff fifth cause of action against CDCR for violations of the American with Disabilities and Rehabilitation Act and Cal. Gov't Code § 11135(a) is barred because Plaintiff failed to *allege* compliance with the California Government Claims Act. The Court is not a repository for Plaintiff's documents. To the extent Plaintiff contends these documents constitute discovery, discovery is not filed with the court. Nor is it "the responsibility of the Court to scour through a set of voluminous documents" to discern the relevancy and purpose of such documents

at this procedural posture of the case. *See North v. Mirra*, No. C13-6090 BHS, 2014 WL 345303, at *2 (W.D. Wash. Jan. 30, 2014).

To the extent Plaintiff deems the documents necessary to respond to Defendant's motion to dismiss, he may attach any relevant documents to his response in his opposition. In the alternative, to the extent Plaintiff wishes to amend his complaint to include additional documents not originally included, he is required to file a free-standing amended complaint with all exhibits attached. Fed. R. Civ. P. 15(a)(1)(b); Local Rule 220. The Court denies Plaintiff's motion to submit evidence but will direct the clerk to strike and return the documents should Plaintiff wish to use the documents at a later stage of the proceedings as appropriate.

Motions for Summary Judgment by Default and Entry of Default (Doc. Nos. 58, 60, 61, 64)

Plaintiff seeks summary judgment, or default, on the mistaken premise that the defendants failed to timely respond to Plaintiff's operative complaint. *See generally* Doc. Nos. 58, 60, 61 and 64. Defendants requested an extension of time to file a responsive pleading on December 14, 2020, which the Court granted. *See* Doc. Nos. 50, 53. Defendants timely filed a motion to dismiss Plaintiff's complaint on January 14, 2021. Doc. No. 54. Consequently, the Court denies these motions because Defendants did not fail to file an answer or responsive pleading in a timely fashion to Plaintiff's complaint.

As of the date of this Order, Plaintiff has not filed an amended complaint, a notice or non-opposition or opposition to Defendants' motion to dismiss and the time to do so has expired. Fed. R. Civ. P. 15(a) (1)(B); Local Rule 230(c). Given Plaintiff's *pro se* status, the Court will *sua sponte* grant Plaintiff a limited extension of time to file a responsive pleading, if any to the pending dispositive motion.

Motions to Appoint Counsel (Doc. Nos. 59, 63)

Nearly one month ago, the Court denied Plaintiff's five previously filed motions seeking

appointment of counsel in a thorough reasoned order. *See* Doc. No. 52 at 1-2 (applying *Lewis v. Casey*, 518 U.S. 343 (1996), *Bounds v. Smith*, 430 U.S. 817, and other precedent to this case). The Court incorporates by reference the law and reasoning set forth in its December 28, 2020 Order (Doc. No. 52) and denies these two additional motions to appoint counsel for the same reasons. *Id.* Further, absent a change in circumstances, Plaintiff should not continue to file motions to appoint counsel unless there is a good faith basis to seek such relief.

Motion to Hear Motions (Doc. No. 62)

The Court liberally construes this motion as a motion to expedite and rule on his pending motions. The United States District Court for the Eastern District of California carries one of the heaviest caseloads in the nation. Despite its caseload, the Court endeavors to expeditiously rule on all matters as it docket permits. The Court grants the motion, to the extent it has rendered rulings as set forth above on Plaintiff's various pending motions.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to submit evidence (Doc. No. 57) is **DENIED** and the Clerk is directed to **strike** and return the proposed exhibits (Doc. No. 57 at pp. 28-137) for Plaintiff's future use, if appropriate.

2. Plaintiff's duplicate motions for summary judgment by default and motions for default (Doc. Nos. 58, 60, 61 and 64) are **DENIED**.

3. Plaintiff's motions to appoint counsel (Doc. Nos. 59 and 63) are **DENIED without prejudice**.

4. Plaintiff's motion to expedite and for court to rule (Doc. No. 62) is **GRANTED to the limited extent** that Court has ruled on the pending motions.

5. The Court *sua sponte* grants Plaintiff an extension of time to file a response to Defendant's motion to dismiss (Doc. No. 54). Plaintiff may file an amended complaint or a notice

of non-opposition or opposition to the motion to dismiss n**o later than February 26, 2021**. At expiration of such time, the Defendant's motion will be deemed ripe for review.

IT IS SO ORDERED.

Dated:   February 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE