# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTE TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>S. SHERMAN; FNU SMITH; FNU JOHNSON; FNU PIPER; NIKKI JOHNSON; J. JIMENEZ; STATE OF CALIFORNIA; CDCR,<br><br>Defendant. | Case No. 1:20-cv-00574-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL<br><br>(Doc. Nos. 69, 101, 102) |

Plaintiff Daronte Tyrone Lewis, proceeding *pro* se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). The Court granted Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2). Pending before the Court are Plaintiff's motions to appoint counsel (Doc. No. 69, 101, 102) and his declaration supporting his motion to appoint counsel (Doc. No. 104), and duplicative notices of change of address (Doc. No. 104, 105).

## I.   BACKGROUND

Despite the undersigned being reassigned this case in November 2020, Plaintiff is no stranger to this Court. Plaintiff repeatedly and prolifically has filed duplicative motions seeking the same relief, despite this Court's admonitions and warnings to refrain from such activity. (*See*

Doc. No. 66) (directing Plaintiff to *refrain from duplicative and repeated filings because such filings only serve to further delay resolution of this matter and congest the court's docket*) (emphasis added). This Court's February 2, 2021 Order previously denied approximately eight of Plaintiff's previous motions, including his motion to submit evidence, pre-mature motions for summary judgment by default or motion for entry of default judgments, and his duplicative motions to appoint counsel. (Doc. No. 66 at 1-5) (citing Doc. Nos. 57, 58, 59, 60, 61, 63, 64). The February 2 Order also granted Plaintiff's "motion to expedite and for court to rule" to the limited extent the Court ruled on his pending motions. Most importantly, the February 2 Order confirmed to Plaintiff that Defendants had filed a motion to dismiss his Complaint on January 14, 2021 and permitted Plaintiff an extension of time, until February 26, 2021, to file a response to the motion. (Doc. No. 66 at 3-5) (citing Doc. Nos. 62 and 54). Plaintiff timely filed a response opposing Defendants' motion to dismiss on February 10, 2021. (Doc. No. 73). And Defendants elected not to file a reply. (*See* docket). The Court recognizes the motion to dismiss is ripe for adjudication.

## II.   MOTIONS TO APPOINT COUNSEL (DOC. NOS. 69, 101, 102)

Seven times previously, the Court has issued orders denying Plaintiff's motions for appointment of counsel. (Doc. No. 52) (addressing motions at Doc. Nos. 29, 30, 32, 33, 45); (Doc. No. 66 at 3) (denying motions at Doc. Nos 59, 63). Now pending are three additional motions to appoint counsel, one of which entitled an "emergency." In support, Plaintiff filed a declaration. (Doc. No. 104). The emergency motion dated June 1, 2021, states that Plaintiff is hospitalized and has sustained an injury to his right hand. (Doc. No. 101 at 1). Plaintiff states he cannot write, presumably because he is right-handed. (*Id.*). As a result, Plaintiff requests that the Court appoint him counsel. (*Id.*). Notably this motion is typed, not handwritten. Plaintiff's second motion and his declaration asserts the same facts concerning his hand injury. (*See* Doc. Nos. 102, 104).

The Court incorporates by reference the law governing appointment of counsel set forth in its December 28, 2020 Order (Doc. No. 52) and denies Plaintiff's renewed motions to appoint counsel. While the Court is sensitive to Plaintiff's asserted physical limitations caused by his

right-hand injury earlier this month, Plaintiff still managed to file four pleadings.  (Doc. Nos. 102, 103, 104, 105).  These pleadings further indicate that staff assisted with these pleadings.  (Doc. No. 104 at 3) (noting "staff assisted").  Despite his temporary writing limitations, Plaintiff still has an ability to file pleadings.  Further, Plaintiff is not under any court-ordered deadlines.  The case awaits a ruling on Defendants' pending motion to dismiss, which the Court has taken under advisement.  The Court finds no new circumstances which warrant appointment of counsel.

Accordingly, it is **ORDERED**:

Plaintiff's motions to appoint counsel (Doc. Nos. 69, 101, 102) are denied, without prejudice.

IT IS SO ORDERED.

Dated:  July 1, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE