UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTE TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>S. SHERMAN; FNU SMITH; FNU JOHNSON; FNU PIPER; NIKKI JOHNSON; J. JIMENEZ; STATE OF CALIFORNIA; CDCR,<br><br>Defendants. | Case No. 1:20-cv-00574-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br><br>(Doc. Nos. 70, 71, 72, 74, 75, 76, 77, 78, 79, 81, 87, 89, 90, 94, 95)<br><br>NOTICE TO PLAINTIFF THAT HIS FUTURE MOTIONS FOR RULING WILL BE STRICKEN |

Plaintiff Daronte Tyrone Lewis, a prisoner, is proceeding on his *pro* se civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Pending before the Court are numerous motions filed by from February 2021 through May 2021. For clarity and judicial efficiency, the Court organizes Plaintiff's motions by topic, many of which are duplicative. Essentially, Plaintiff's motions either seek: (a) Defendants to produce copies of prison mail logs because Plaintiff claims he has not received the copies of orders or legal correspondence through the prison mail system; (Doc. Nos. 70, 72, 87); or (b) the status of the Court's ruling on Plaintiff's pending motions, Defendants' motion to dismiss, or be heard on his opposition to Defendants'

motion to dismiss, or reconsider the Court's ruling, presuming an adverse ruling to Plaintiff on the dispositive motion (Doc. Nos. 71, 74, 75, 76, 77, 78, 79, 81, 89, 90, 94, 95).

## I. BACKGROUND

According to the Complaint, Plaintiff is wheelchair bound. (Doc. No. 1). The incident giving rise to the cause of action occurred when transportation officers, Defendants Johnson and Jimenez failed to secure Plaintiff's wheelchair properly in a transport van which Johnson then drove recklessly. (*Id.* at 6). As a result, Plaintiff fell over in the wheelchair in the transport van and sustained injuries. (*Id.*). Plaintiff claims that Warden S. Smith, Lieutenant Smith, Captain Johnson and Sergeant Piper all inspected the van—or were informed of the result of the van inspection—and were thus aware that Plaintiff and other wheelchair bound inmates could not be safely secured during travel. (*Id.* at 7).

As required under 28 U.S.C. § 1915A, the previously assigned magistrate judge issued a Screening Order on September 4, 2020. (Doc. No. 19 at 1-8). The Screening Order determined the Complaint stated a cognizable Eighth Amendment condition of confinement claim against the transport officers Jimenez and Johnson, stemming from their inadequate securing of the wheelchair in the transport van and Johnson's reckless driving. (*Id*. at 4). The Screening Order also found a cognizable Eighth Amendment conditions of confinement claim against Warden Stuart Sherman, Associate Warden S. Smith, Lieutenant Smith, Captain Johnson, and Sergeant Piper stemming from allegations that they previously inspected the van, knew it was not safe for wheelchair-bound inmates, but nevertheless permitted use of the van for wheelchair-bound inmates. (*Id.*).

Turning to the claims raised under the Americans with Disabilities Act and the Rehabilitation Act and state-related claims, the Screening Order found a cognizable claims against the State of California and the CDCR stemming from the denial of safe travel because Plaintiff was wheelchair bound and the prison lacked a van that could safely accommodate a wheelchair. (*Id.* at 5, 6).

The Screening Order found no cognizable claims alleged as to: Defendants Governor Gavin Newsom, CDCR Secretary Ralph Diaz, and CDCR Director Connie Gipson and

recommended their dismissal. (*Id.* at 4-5). Further, the Screening Order found no claims under California's Unruh Civil Rights Act. (*Id.* at 5-6).

The Screening Order directed Plaintiff to: (1) notify the court whether he will proceed only on the claims sanctioned by this Court and voluntarily dismiss all other Defendants and amend to remove all other claims; (2) file a First Amended Complaint; or (3) notify the court that he wishes to stand by his Complaint subject to dismissal of claims and Defendants consistent with the Order. (*Id.* at 1, 8). In response to the Screening Order, Plaintiff agreed to only proceed on those claims "sanctioned by the Court" and to "voluntarily dismiss all other defendant(s) and all other claims not sanctioned by this Court." (Doc. No. 22 at 2). The then directed service on Warden Stuart Sherman, Associate Warden S. Smith, Lieutenant Smith, Captain Johnson, Sergeant Piper, transport officer Nikki Johnson, and transport officer J. Jimenez the state of California and the California Department of Corrections and Rehabilitation ("CDCR"). (Doc. No. 24). In lieu of filing an answer to the complaint, Defendants filed a motion to dismiss (Doc. No. 54). Plaintiff filed a response in opposition to Defendants' motion to dismiss. (Doc. No. 73). Defendants elected not to file a reply. ***Defendants' motion to dismiss remains pending.***

II. PLAINTIFF'S MOTIONS

**A. "Motions to Compel" (Doc. Nos. 70, 72, 87)**

Before Plaintiff filed his response opposing Defendant's motion to dismiss, Plaintiff filed motions alleging prison officials were interfering with his legal mail. (*See* Doc. Nos. 70, 72). Plaintiff states that Defendants were ordered to respond to the complaint and but claims "hinderance, impediments, deliberate delays, and/or interferences" by unspecified correctional officials with his legal mail. (*See generally* Docs. Nos. 70 a, 72 and 87). It appears Plaintiff is alleging that he did not received a copy of Defendants' motion to dismiss. (*Id.* at 1-2) (stating "[a]ssuming defendant(s) have filed response….."); (Doc. No. 72 at 1) (stating correctional officials "have not given Plaintiff [sic] Deputy Attorney General's Answer to Complaint due 1/14/2021.").

As noted above, in lieu of filing an answer to the Complaint, Defendants filed a motion to dismiss. Thus, Defendants have responded to the complaint by moving to have certain portions

3

of the Complaint dismissed before filing their answer.  A review of the record reveals that Plaintiff filed a response opposing Defendants' motion to dismiss on February 10, 2021.  (Doc. No. 73).  Plaintiff does not state in his opposition that he filed his opposition without reviewing Defendants' motion.  (*Id.*).  Because the record evidences that Plaintiff received a copy of the Defendants' motion to dismiss, Plaintiff's motions pertaining to the status of Defendants' response or Answer to his Complaint, or alleging interference with legal mail because he did not receive a copy of Defendants' motion, are denied as moot.  (Doc. Nos. 70, 72 and 87).

**B. Other Motions (Doc. Nos. 71, 74, 75, 76, 77, 78, 79, 81, 89, 90, 94 and 95).**

Approximately one month after Plaintiff filed his response opposing Defendants' motion to dismiss, Plaintiff began prolifically filing motions seeking requesting the Court to rule or seeking a status of the Court's ruling on Defendants' motion to dismiss, or asking that the Court first hear Plaintiff before ruling on the motion to dismiss, or seeking reconsideration to the extent the Court already ruled on Defendant's Motion to Dismiss and the ruling was adverse to Plaintiff. (See generally Doc. Nos. 71, 74, 75, 76, 77, 78, 79, 81, 89, 90, 94 and 95).  In Plaintiff's "Notice of Motion and Motion for Court to Hear Motions," Plaintiff vaguely states that he seeks the status of prior "motions" and declarations." (Doc. No. 74 at 1).  Plaintiff asserts that the "first motion" to be heard is the opposition to dismissal submitted on or about January 29, 2021. (*Id.*).  Plaintiff further asserts that the "second motion" concerned "funds to hire legal aid to assist [him]."  (*Id.*).

While the first motion is clear to the extent Plaintiff refers to his response opposing Defendant's motion to dismiss and seeks the status of the ruling, his references to other motions are vague and unclear.  (*Id.* at 2).  Plaintiff does not provide docket entries to reference to which earlier motions he refers.  Like his other motions, Plaintiff alleges issues with receiving his legal mail and/or with the mail room.  (*Id.*) (requesting order that correctional official to stop hindering, withholding, throwing away, refusing to issue my legal mail in this case).  Plaintiff claims that not receiving a ruling from the Court is "causing him stress and giving him chest pains."  (*See* Doc. No. 89 at 4; Doc. No. 90 at 4).  Contained within Plaintiff's other motions to rule (Doc. No. 89) are random, unrelated allegations that he is not receiving his mail in retaliation because he is Muslim.  (*Id.* at 4).  Consistently in each of the motions, Plaintiff expresses angst over allegedly

4

not receiving his legal mail because he has not received a ruling from the Court on Defendants' motion to dismiss. And, Plaintiff requests that Defendants be directed to produce prison mail logs so Plaintiff can ascertan sent and received mail.

Alternatively, Plaintiff requests for the Court to hear his response to in opposition to the Defendants' Motion to Dismiss (Doc. Nos. 75, 77) or asks the Court to reconsider its adverse ruling (Doc. No. 79). To be clear, the Court *has not issued a ruling* on Defendants' motion to dismiss. (*See* docket) (emphasis added). Indeed, inmates have a First Amendment right to access the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (inmates have fundamental constitutional right to access to the courts). An inmate claiming interference with or denial of access to the courts must show that he suffered actual injury. *Id.* at 351. Here, there is no interference because the Court has not yet issued its Findings & Recommendations on Defendant's Motion to Dismiss. And while the Court endeavors to timely and expeditiously rule on all matter before it, the Court carries a heavy caseload and must afford due consideration to all its cases consistent with the ends of justice.

Plaintiff's prior motions addressed in the Court's February 2021 Order sought relief arising from his misunderstanding that Defendants did not timely answer or respond to the Complaint when Defendants sought an enlargement of time, even after the Court issued orders stating Defendants moved for an enlargement of time and no response was due. Currently, nearly fifteen of Plaintiff's currently pending motions express concern about not receiving a copy of an order ruling on Defendants' motion to dismiss when, as explained above, no order has been issued. Plaintiff's prolific filing of motions shows his ability to access the Courts. There is no need for Defendants to produce a copy of the prison mail logs, and no inference with Plaintiff's legal mail. Plaintiff is obviously concerned about his case and does not want to miss any deadlines. However, Plaintiff mistakenly presumes interference with his legal mail. Plaintiff's allegations are conclusory and not based in fact considering the Court has not ruled on Defendants' motion to dismiss. ***As a courtesy, the Court will direct the Clerk to provide Plaintiff with a one-time courtesy copy of the docket sheet so he may see that his motions are being mailed to the Court.***

However, while cognizant of Plaintiff's *pro se* status, the Court directs Plaintiff that he must discontinue his practice of filing duplicative motions to inquire about the status or seek a ruling on a pending motion. The Court issues rulings as expeditiously as possible. The Clerk's Office mails all orders to Plaintiff who is not a CMECF participant. The Court reminds Plaintiff, that his repeated filings of motions in this case only clogs the docket and further delays the timely resolution of other matters. Plaintiff is warned that future motions from Plaintiff seeking a ruling of a pending motion will be stricken by the Court.

Accordingly, it is **ORDERED**:

1. Plaintiff's motions (Docs. No. 70, 72 and 87) are DENIED as moot.

2. Plaintiff's motions (Doc. Nos. 71, 74, 75, 76, 77, 78, 79, 81, 89, 90, 94 and 95) are DENIED.

3. The Clerk shall provide Plaintiff with one-time courtesy copy of the docket sheet with this Order.

4. Plaintiff is warned that any future motions seeking either a status of or a ruling on a pending motion will be stricken and returned without further review.

IT IS SO ORDERED.

Dated:   July 1, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE