1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARONTE TYRONE LEWIS,                    Case No.  1:20-cv-00574-NONE-HBK

12            Plaintiff,                       ORDER DENYING PLAINTIFF'S MOTIONS
                                               FOR RECONSIDERATION AND MOTION
13      v.                                     FOR EVIDENTIARY HEARING

14   CONNIE GIPSON, ET. AL.,                   (Doc. Nos.  113, 114, 119)

15            Defendants.

16

17          Plaintiff Daronte Tyrone Lewis, a state prisoner, initiated this action proceeding *pro se* by

18   filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  The district court recently

19   adopted the undersigned's Findings and Recommendations to grant Defendants' motion to

20   dismiss only to the extent Plaintiff seeks monetary damages against Defendants in their official

21   capacities, but to deny the motion in all other respects.  (Doc. No. 120).

22          Currently pending before the Court are the following motions filed by Plaintiff:  (1)

23   motion for reconsideration seeking reconsideration of the Court's order denying him appointment

24   of counsel, filed on August 4, 2021 (Doc. No. 113); (2) motion for reconsideration of the Court's

25   order denying his request "for intervention by the United States," filed on August 9, 2021 (Doc.

26   No. 114); and, a 151-page motion entitled "reconsideration," incorporating a motion for an

27   evidentiary hearing, but is otherwise unclear as to what order Plaintiff requests the Court to

28   reconsider, filed on September 20, 2021. (Doc. No. 119).   For the reasons below, Plaintiff's

1    motions are denied.

2          **A.  Standard of Review under Fed. R. Civ. P. 60(b)**

3          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final judgment,

4    orders, or proceedings of the district court.  Rule 60(b) permits a district court to relieve a party

5    from a final judgment, order, or proceedings on grounds of: "(1) mistake, inadvertence, surprise,

6    or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the

7    judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief

8    from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be

9    made within a reasonable time, in any event "not more than one year after the judgment, order, or

10   proceeding was entered or taken."  *Id.*

11         When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the

12   "new or different facts or circumstances claimed to exist which did not exist or were not shown

13   upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are

14   committed to the discretion of the trial court.  *See Combs v. Nick Garin Trucking*, 825 F.2d 437,

15   441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed,

16   a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its

17   prior decision.  *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665

18   (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

19         **B.  Plaintiff's Reconsideration Motions**

20         In the first motion, Plaintiff states that the Court erroneously denied him appointment of

21   counsel and decided that "due to lack of funds/compensation, it ….  does not have to . . . refer and

22   or appoint counsel for the limited scope and purpose of discovery Procedure and Process . . ."

23   (Doc. No. 113 at 2).  Plaintiff re-asserts that this hand injury makes him handicap and that he

24   requires accommodation, or appointment of counsel, to prosecute his case.  (*Id.*).  Plaintiff

25   further alleges he trades his meals to inmates so they assist him.  (*Id.* at 3).  Plaintiff incorporates

26   within his motion medical notes dated July 9, 2021, reflecting Plaintiff fell and injured his right

27   arm; "possible carpal tunnel syndrome"; "tone was normal"; "wrist and hand strength" was "4/5

28   verses 5/5 on the left"; "no atrophy was noted."  (*Id.* at 9).  Following an EMG test, the report

2

1   indicated "no evidence" of carpal tunnel on Plaintiff's wrist.  (*Id.* at 10).

2          In Plaintiff's second motion, consisting of 88-pages, he again requests intervention of the

3   United States, or the State, in the CDCR. (Doc. No. 114).  Plaintiff motion re-alleges the facts at

4   issue in his Complaint.  (*Id.* at 4-5).  And, finally, Plaintiff's third motion, as noted above,

5   consisting of over 100 pages, is unclear what order he seeks the Court to reconsider.  (Doc. No.

6          **C. Analysis**

7   Here, Plaintiff does not satisfy the requirements of Rule 60(b) in any of his three reconsideration

8   motions, because he does not present any new facts, circumstances, or law to justify

9   reconsideration of the Court's prior orders.   Regarding the order denying Plaintiff's motion to

10  appoint of counsel, the Court never suggested a lack of funds to appoint counsel, but instead

11  found no exceptional circumstances present.  (*See* Doc. Nos. 106, 112).  The Court noted Plaintiff

12  appeared to be able to litigate his case.  (Doc. No. 106 at 2-3).  Plaintiff's reconsideration motion

13  raises the same facts before, *e.g.,* that his wrist condition precludes him from prosecuting his

14  action, but this issue was previously raised and rejected.  (Doc. No. 106 at 2-3).  Incorporated

15  within the motion for reconsideration is medical documentation further supporting the Court's

16  prior denial of counsel.  (Doc. No. 113 at 9-10).  Indeed, despite his complaints that he cannot

17  write, Plaintiff continues to file prolific and lengthy motions.

18         Plaintiff's other two reconsideration motions fare no better.  Both are in excess of the page

19  limitations for e-filing.  The Court has previously warned Plaintiff about his prolific filing.  (*See*

20  Doc. No. 107).  The Rule 60(b) standards "reflect[] district courts' concern for preserving

21  dwindling resources and promoting judicial efficiency." *Arnold v. County of El Dorado*, 2012

22  WL 2117678 * 1 (E.D. Cal. 2012) (citations omitted).  At most, Plaintiff merely rehashes the

23  arguments he raised in previous motions that were rejected.

24          Further, to the extent Plaintiff requests an evidentiary hearing, his request is denied.

25  There are no facts that require development at a hearing given the procedural posture of this case.

26  Considering the district court recently adopted the undersigned's findings and recommendations

27  denying Defendants' motion to dismiss, by separate order the court will stay the case and permit

28  the parties an opportunity to participate in early alternative dispute resolution.

Accordingly, it is **ORDERED**:

1. Plaintiff's motions for reconsideration (Doc. Nos 113, 114, 119) are DENIED.

2. Plaintiff's motion for an evidentiary hearing (Doc. 119) is DENIED.

3. By separate order the Court will issue an order staying the case for purposes of permitting the parties to consider whether to engage in alternative dispute resolution.

Dated:   September 22, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4