1
2
3
4
5
6
7

8           UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARONTA TYRONE LEWIS,                    Case No.  1:20-cv-00574-NONE-HBK

12              Plaintiff,                    ORDER REFERRING CASE TO ADR, STAY
                                              OF CASE FOR 90 DAYS, AND DENYING
13        v.                                  PLAINTIFF'S MOTION WITHOUT
                                              PREJUDICE
14   CONNIE GIPSON, ET. AL.,
                                              (Doc. No.  124)
15              Defendants.

16

17          Plaintiff Daronta Tyrone Lewis initiated this action proceeding *pro se* by filing a civil

18   rights action under 42 U.S.C. § 1983 stemming from an incident that occurred during Plaintiff's

19   medical transport by a van that allegedly was not ADA compliant, so his wheelchair was not

20   properly secured in the transport van, before the defendants drove recklessly.  (Doc. No. 1).  By

21   way of background, on September 22, 2021 the district court adopted the Findings and

22   Recommendations granting in part and denying in part defendants' motion to dismiss.  (Doc. Nos.

23   117, 120).  Defendants filed their answers and affirmative defenses on October 20, 2021.  (Doc.

24   No. 123).

25          The court refers all civil rights cases filed by prisoners to Alternative Dispute Resolution

26   (ADR) to attempt to resolve such cases more expeditiously and less expensively.  In appropriate

27   cases, defense counsel from the California Attorney General's Office have agreed to participate in

28   ADR.  No claims, defenses, or objections are waived by the parties' participation.  The court,

1  therefore, STAYS this action for 90 days to allow the parties to investigate Plaintiff's claims,

2  meet and confer, and participate in an early settlement conference.  The court presumes that all

3  such cases assigned to the undersigned will proceed to a settlement conference.  However, if after

4  investigating Plaintiff's claims and meeting and conferring either party finds that a settlement

5  conference would be a waste of resources, that party may opt out of the early settlement

6  conference and the Court will issue a Case Management and Scheduling Order.

7      The Court notes on October 20, 2021, Plaintiff filed a pleading titiled "motion for

8  judgement on the merits of claims and proof provided undisputable by defendants."  (Doc. No.

9  124).  Plaintiff's motion consists of approximately 32-pages and mainly re-alleges the facts and

10  claims set forth in the Complaint. (*See generally* Doc. No. 124).  The motion is not accompanied

11  by any supporting exhibits and sporadically after page 10 is labeled a memorandum.[1] (*Id.* at 10,

12  13, 15-19).  Liberally construed, Plaintiff's motion seeks a judgment on the pleadings under

13  Federal Rule of Civil Procedure 12(c).  Judgment on the pleadings under Rule 12(c) is proper

14  only after the pleadings are closed and when the moving party establishes on the face of the

15  pleadings that there is no material issue of fact and that the moving party is entitled to judgment

16  as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th

17  Cir. 1990).  Defendants' response to the Plaintiff's construed motion will be stayed during this

18  period.  Should the parties opt out of engaging in settlement conference, Defendant's response to

19  the Plaintiff's construed motion will be due within twenty-one (21) days of the Court's liftin of

20  the stay.

21      Accordingly, it is **ORDERED**:

22      1.     This action is **STAYED for 90** days to allow the parties an opportunity to settle

23  their dispute before the discovery process begins.  No pleadings or motions, including

24  Defendants' response to Plaintiff's construed motion (Doc. No. 124), shall be filed in this case

25  during the stay.  The parties shall not engage in formal discovery, but they may engage in

26

27  [1] However, Plaintiff further alleges that the court "continues to misconstrue" his motions and cause him
    embarrassment, shame, and "assassination of his character." (*See* Doc. No. 124 at 8).  Such allegations are

28  inconsistent with the intent of a Rule 12(c) motion for judgment on the pleadings.

1    informal discovery to prepare for the settlement conference.

2         2.    **Within 30 days** from the date of this order, either party may file notice indicating

3    their belief that settlement is not achievable at this time.  If either party opts out of the settlement

4    conference the court will issue an amended discovery and scheduling order.

5         3.    If neither party opts out, the assigned Deputy Attorney General SHALL **within 45**

6    **days** of this Order contact the undersigned's Courtroom Deputy Clerk at kdunbar-

7    kari@caed.uscourts.gov to schedule the settlement conference.  Before doing so, defense counsel

8    should confirm with Plaintiff's counsel that Plaintiff will have access to Zoom on their proposed

9    date for the settlement conference.

10        4.    If the parties reach a settlement during the stay of this action, they SHALL file a

11   Notice of Settlement as required by Local Rule 160.

12        5.    The Clerk of Court shall serve Deputy Attorney Generals Matthew Roman, Patrick

13   Petersen, and Supervising Deputy Attorney General Lawrence Bragg with a copy of the

14   Complaint (Doc No. 1), the Findings and Recommendation (Doc. No. 117) and this Order.

15        6.    The parties are obligated to keep the court informed of their current addresses

16   during the stay and the pendency of this action. Changes of address must be reported promptly in

17   a Notice of Change of Address. *See* Local Rule 182(f).

18

19
     Dated:    October 22, 2021

20                                              HELENA M. BARCH-KUCHTA
                                                UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28

                                    3