UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br>CONNNIE GIPSON, ET. AL.,<br><br>  Defendants. | Case No. 1:20cv574-JLT-HBK<br><br>ORDER DIRECTING CLERK TO STRIKE PLAINTIFF'S NOTICE OF STIPULATION<br><br>(Doc. No. 144) |

On March 18, 2022, Plaintiff filed a notice of stipulation. (Doc. No. 144). Plaintiff states the parties stipulate to various facts and/or claims concerning this action. (*Id.* at 1-2) (stating parties agree government insurance claim was timely filed, stipulation for certain witnesses to appear). Significantly, only Plaintiff's signature is on the stipulation. (*See generally Id.* at 5).

Local Rule 143 requires that a stipulation must be "in writing, signed by all attorneys or pro se parties who have appeared in the action and are affected by the stipulation . . . ." L.R. 143(a)(1). "Stipulations not in conformity with these requirement will not be recognized unless necessary to prevent manifest injustice." (*Id.*); *see also Johnson v. Oropeza*, Case No. 2:14-1369-WBS-DAD, 2015 WL 5255410 *3, n. 2 (E.D. Cal. 2022) (recognizing a stipulation must be signed by both parties). Further, Federal Rule of Civil Procedure 11(a) requires a party, or the attorney if represented by counsel, to sign all pleadings. Plaintiff provides no reason in his notice why manifest injustice will result if the Court does not accept the stipulation that is not signed by

any other party.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to strike Plaintiff's notice of stipulation (Doc. No. 144) and terminate any associated pending motion.

Dated:   March 22, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE