UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIPSON, ET. AL.,<br><br>　　　　　Defendants. | Case No.  1:20cv574-JLT-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO STAY OR EXTEND TIME FOR DISCOVERY; AND MOTION FOR DEFENDANTS TO APPEAR FOR DEPOSITIONS<br><br>(Doc. Nos. 139, 140, 42)<br><br>ORDER GRANTING MOTION TO RULE<br><br>(Doc. No. 141) |

　　　　Plaintiff, a prisoner, is proceeding on his *pro se* civil rights complaint as screened and after Defendants' motion to dismiss.  (Doc. Nos. 1, 19, 117, 120).  On November 23, 2021, the Court issued a Case Management and Scheduling Order.  (Doc. No. 136, CMSO).  Pending before the Court is Plaintiff's motion to stay all proceedings for health and safety reasons (Doc. No. 139), motion to stay and/or extend discovery schedule (Doc. No. 140), motion for ruling on stay or continuance (Doc. No. 141), and motion for Defendants to appear for depositions (Doc. No. 142).

　　　　Both of Plaintiff's motions to stay are related, to the extent the factual allegations are similar.  Plaintiff first states he seeks to stay the case due to his health.  (Doc. No. 139 at 1). Specifically, Plaintiff states he contracted a "microscopic parasite" that has invaded his ears and

several other parts of his body for which he is currently taking medication.  (*Id.* at 2).  Plaintiff states he wishes to stay the case so that he does not expose the deputy attorney general's office and law clerks to this parasite.  (*Id.* at 3).  Plaintiff also claims he is scheduled to be released soon and will attend to his medical issues after he is released and continue prosecuting his case at that point.  (*Id*. at 4).

Based on the same parasite, Plaintiff states he seeks to stay or extend discovery in this case. (Doc. No. 140 at 1-4).  Plaintiff further states he is having all of his legal paperwork fumigated.  (*Id.* at 2).  Plaintiff does not specify to what extent he has engaged in discovery to date and the length of the extension he requires. (*See generally Id.*).  According to the CMSO, the discovery deadline in this matter does not expire until August 23, 2022.  (Doc. No. 136).  Considering Plaintiff has another five months to conduct discovery, any request to extend the discovery deadline at this stage is premature.

Turning to Plaintiff's motion for Defendants to appear for deposition, Plaintiff requests Defendants to appear for a video conference deposition.  (Doc. No. 142 at 1).  Plaintiff states he proposes to depose: California Governor Newsom, Director of the CDCR Connie Gipson, Warden Stuart Sherman, Associate Warden S. Smith, various captains and sergeants, the medical triage unit, and inmate witnesses who boarded with ADA transport van with him.  (*Id.* at 2-3). Plaintiff asks defense counsel to consult with his clients and advise about availability of defendants for depositions.  (*Id.* at 3).

At the outset, California Governor Newsom and Director of the CDCR Connie Gipson were dismissed from this action.  (*See* Doc. Nos. 117, 120).  Further, to the extent that Plaintiff seeks discovery from Defendants, including any depositions, he is to seek such discovery from Defendants' counsel directly, not through a motion with the Court.  Further, Plaintiff is advised that *in forma pauperis* relief is governed and limited by 28 U.S.C § 1915.  While inmates have a constitutional right of access to the courts, an inmate's constitutional right of access to the courts does not impose "affirmative obligations on the States to finance and support prisoner litigation." *Lewis v. Casey*, 518 U.S. 343, 384 (1996).  *In forma pauperis* status does not entitle a plaintiff to a waiver of costs associated with depositions and other costs required to litigate a claim.  *Love v.*

2

*Brewer*, 2021 WL 1022702, *1 (E.D. Cal. Mar. 17, 2021); *see also Tedder v. Odel*, F.2d 210, 211-212 (9th Cir. 1989) (holding that 28 U.S.C § 1915 does not authorize a waiver of witness fees that are tendered with subpoenas). The Federal Rules of Civil Procedure require the party that is taking the deposition to bear the costs of the recording. Fed. R. Civ. P. 30(b)(3).

In *Tedder v. Odel*, the appellant, a *pro se* and *in forma pauperis* plaintiff, mailed a subpoena that did not have the necessary witness and mileage fees attached to the appellee. 890 F.2d at 211. Appellee received advice that service of the subpoena was improper and therefore did not appear at trial. *Id*. The district court granted summary judgment in favor of the appellees and held that the appellee's failure to appear was not a basis for any liability. *Id.* at 210-211. Appellant argued that the subpoena was not deficient because he was an *in forma pauperis* plaintiff and exempted from the fee requirements. *Id.* at 211. The Ninth Circuit rejected appellant's argument, ruling that 28 U.S.C § 1915 does not authorize a waiver of witness fees that are tendered with subpoenas. *Id.* at 211-212*; see also Dixon v. Yist*, 990 F.2d 478, 480 (9th Cir. 1993).

Plaintiff also is not entitled to a joint deposition. If Plaintiff desires to depose the Defendants, then Plaintiff must pay the costs for recording the Defendants' depositions as required by Rule 30(b)(3) of the Federal Rules of Civil Procedure. As ruled by the United States Supreme Court in *Lewis v. Casey*, the Ninth Circuit Court of Appeals in *Tedder*, and this Court in *Love*, Plaintiff's *in forma pauperis* status does not authorize the waiver of any fees associated with recording Defendants' depositions. Plaintiff has other means available, such as filing interrogatories and requests for admission, to obtain the information he would seek by deposing the Defendants.

Accordingly, it is **ORDERED**:

1. Plaintiff's motions to stay the case or extend time for discovery (Doc. Nos. 139, 140) are DENIED. Plaintiff may renew his motion for extension to the discovery deadline in the future should the current August 23, 2022, discovery deadline not be sufficient.

2. Plaintiff's motion for a ruling (Doc. No. 141) on the motions to stay are GRANTED to the extent the Court herein DENIED his motions to stay and for an extension to the discovery

deadline.

    3. Plaintiff's motion requesting the Court to require Defendants to appear for depositions (Doc. No. 142) is DENIED.

Dated:   March 22, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE