UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>S. SHERMAN, S. SMITH, FNU SMITH, FNU JOHNSON, FNU PIPER, NIKKI JOHNSON, J. JIMENEZ, STATE OF CALIFORNIA, CDCR,<br><br>Defendant. | Case No. 1:20-cv-00574-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO STAY<br><br>(Doc. Nos. 151, 158) |

Pending before the Court is Plaintiff's pleading titled "motion to order investigatory stay for retaliatory interference by Defendant Lara cohorts in 2:21-cv-00932-JAM-EFB at KVSP" filed on June 27, 2022. (Doc. No. 151). Plaintiff also filed a second pleading titled "motion to stay" on August 4, 2022. (Doc. No. 158). For the reasons set forth below, the Court denies the motions.

Plaintiff's first pleading references a 404-page amended complaint that the Clerk presumably returned because it was out of order. (Doc. No. 151). Plaintiff claims the pages of the amended complaint were mixed up by correctional staff and believes body camera evidence would verify whether the top page was on top and visible when he gave the document to prison officials for mailing. (*Id.* at 1). Plaintiff states that "if [the] Court has not yet received [the amended complaint], its [sic] retaliatory interference by Sgt. Lara – cohorts." (*Id.* at 2). Plaintiff

claims he needs an "investigatory stay" to presumably investigate whether his 404-page amended complaint was mailed. Plaintiff's second motion to stay repeats the facts set forth in the first pleading and attaches his declaration. (Doc. No. 158 at 1-15). Plaintiff again seeks a stay of the proceedings to investigate what happened to the amended complaint. (*Id.* at 2).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254, 57 S.Ct. 163. However, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *Irvin v. Yates*, 783 F. App'x 695, 696 (9th Cir. 2019)(not abuse of discretion to deny stay wen plaintiff provides not justification for a stay).

Plaintiff's justification for the stay is unwarranted. As noted by separate order, Plaintiff's amended complaint was lodged on the Court's docket on July 8, 2022. (Doc. No. 152). The Court directed Defendants to respond to Plaintiff's construed motion for leave to file an amended complaint in a separate order issued this same day. The Court notes Plaintiff attached a letter on the Clerk of Court's letterhead stating that a document was returned to him because it was missing the case number on the first page. (*See* Doc. No. 154 at 4-5). However, the letter from the Clerk of Court does not indicate whether it was Plaintiff's 404-page amended complaint or another document. (*Id.*). The Court notes Plaintiff references a different case number in his motion, not the instant case number, and takes judicial notice that Plaintiff currently has four other actions in addition to the instant action pending before this Court.[1] The Court finds no grounds to warrant a stay of this action in order that Plaintiff undertake an investigation of the circumstances surrounding the alleged return of his 404-page amended complaint. At this stage of the proceedings, whether Plaintiff previously submitted an amended complaint which was returned to him is of limited relevance, if any, since the Court eventually received and docketed

---

[1] https://caed-ecf.sso.dcn/cgi-bin/iquery.pl?105547816773184-L_1_1-0-22518103-pty-pla%20%20%20%20%20%20%20-plaintiff.

1  Plaintiff's 404-page amended complaint.

2  Accordingly, it is **ORDERED**:

3  Plaintiff's motions to stay (Doc. Nos. 151, 158) are DENIED.

Dated:  August 22, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE