1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARONTA TYRONE LEWIS,

Plaintiff,

v.

S. SHERMAN, S. SMITH, FNU SMITH, FNU JOHNSON, FNU PIPER, NIKKI JOHNSON, J. JIMENEZ, STATE OF CALIFORNIA, CDCR,

Defendants.

Case No.  1:20-cv-00574-JLT-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE; CONSTRUING MOTION FOR RULING ON AMENDED COMPLAINT AS MOTION SEEKING LEAVE TO FILE AN AMENDED COMPLAINT AND DIRECTING RESPONSE WITHIN TWENTY-ONE DAYS; GRANTING MOTION FOR ACKNOWLEDGEMENT OF AMENDED COMPLAINT, AND DENYING MOTION TO DISQUALIFY JUDGES AND FOR RULING ON AMENDED COMPLAINT

(Doc. Nos.  150, 153, 154, 157)

Pending before the Court are several of Plaintiff's motions, which the Court addresses together to the extent each are related: (1) second motion to take judicial notice filed on June 21, 2022; (2) "motion for ruling on Amended Complaint" filed on July 11, 2022, construed to be a motion for leave to file an amended complaint; (3) "motion for acknowledgment of 404 Page Amended Complaint" filed on July 8, 2022; and (4) Plaintiff's motion to disqualify judges and for ruling on amended complaint" filed on July 29, 2022.  (Doc. Nos. 150, 153, 154, 157).

**Motion for Judicial Notice (Doc. No. 150).**

In this motion, Plaintiff requests the Court to take judicial notice of his "404 page

1   amended complaint," which he states was "legally mailed" on June 5, 2022, processed on

2   Monday, June 6, 2022, and mailed to the Court on Tuesday, June 7, 2022.  (Doc. No. 150 at 1).

3   Plaintiff also states the Clerk of Court received his 404-page complaint and returned it because a

4   correctional officer had opened it and disorganized it.  (*Id.* at 2).  The Court construes the motion

5   as also requesting the Court to take judicial notice that the Clerk returned Plaintiff's "404 page

6   amended complaint" because correctional officials disorganized it.  (*Id.*).

7          A review of the docket reveals the Court denied Plaintiff's previous request for judicial

8   notice regarding the filing date of the amended complaint on June 8, 2022.  (Doc. No. 149).

9   Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject

10  to reasonable dispute" because they are either "generally known within the trial court's territorial

11  jurisdiction," or they "can be accurately and readily determined from sources whose accuracy

12  cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court may take judicial notice on

13  its own or at the request of any party.  *Id*. 201(c).  At the time the June 8, 2022 Text Only Order

14  issued, no amended complaint appeared on the docket.  However, the docket reveals that on July

15  8, 2022 an amended complaint consisting of 404 pages was filed by the Clerk of Court on behalf

16  of Plaintiff.  (Doc. No. 152).  As previously explained in its June 8, 2022 Text Only Order, the

17  Court cannot take judicial notice of the fact whether Plaintiff delivered a 404 page first amended

18  complaint to correctional officials for mailing on a specified date and/or the reasons for its return

19  as no docket entry appears on the Court's docket regarding same.  Thus, this motion is denied.

20                **Motion for Ruling on Amended Complaint (Doc. No. 153)**

21          Plaintiff request the Court to issue a ruling on his amended complaint.  (Doc. No. 153).

22  Plaintiff initiated this action by filing a complaint on April 14, 2020.  (Doc. No. 1).  After

23  screening, Defendants filed an Answer to the Complaint on October 20, 2021.  (Doc. No. 123).

24  Because Defendants have filed an Answer to the Complaint, Plaintiff may not amend his

25  complaint as a right but can only amend with the consent of Defendants or with leave of court.

26  Fed. R. Civ. P. 15(a)(2).  Consequently, the Court construes the pleading as a motion for leave to

27  file amended complaint.  Defendants shall file a response to this motion within 21 days.  Local

28  Rule 230(l)(E.D. Cal. 2022).

**Motion to Acknowledge Filing of the Amended Complaint (Doc. No. 154).**

Plaintiff seeks confirmation the amended complaint was filed in this action.  (*See generally* Doc. No. 154).  Plaintiff submits that he does "not trust Kern Valley State Prison officials . . . nor [the] mailroom." (*Id.* at 2).  Plaintiff attaches letterhead from the Clerk of Court's Office that appears to be dated May 31, 2022, returning an unidentified document to Plaintiff because the case number was not located on the first page.  (*Id.* at 5).  The letterhead contains a checkmark beside the space that requires a case number on all documents submitted for filing. (*Id.* at 4).

*Supra*, the Clerk of Court docketed on behalf of Plaintiff a lodged amended complaint on July 8, 2022. (Doc. No. 152).  To the extent Plaintiff requests acknowledgement that the Court is in receipt of his complaint filed on July 8, 2022 the motion is granted.  To the extent the issue of whether Plaintiff previously sent his amended complaint earlier and it was returned is relevant will be addressed by the Court will be addressed at a future time, if relevant.  Thus, Plaintiff's motion to acknowledge filing of the amened complaint is granted to the limited extent the Court acknowledges receipt of the amended complaint filed on July 8, 2022.

**Motion to Disqualify Judges and for Ruling on Amended Complaint (Doc. No. 157).**

In summary, Plaintiff reiterates he mailed an amended complaint and the Clerk returned it. (Doc. No. 157 at 1-2).  Plaintiff faults the Court for not acknowledging that the Court received his amended complaint.  (*Id.* at 2).  Plaintiff avers "State CDCR sworn officers stole it.  And did or did not send it to the Courts."  (*Id.*)(errors in original).  Plaintiff further states correctional staff is depriving him of his federally protected rights by not sending his legal mail to the Court and accuse officials of being discriminatory toward him.  (*Id.*).  Plaintiff also alleges the Court is bias, and requests the undersigned as well as the district judge's disqualification in this matter.  (*Id.* at 4).

Both *supra* and in its June 8, 2022 Text Only Order, the Court addressed the receipt and/or return of Plaintiff 404-page amended complaint.  Turning to the allegations seeking disqualification of the undersigned, the docket confirms the case is assigned to both a district judge and a magistrate judge.  To the extent Plaintiff requests a district judge rule on the case, any

dispositive motion will be reviewed by findings and recommendations by the district judge, so his request is moot.  To the extent Plaintiff seeks recusal of the undersigned, the motion is governed by 28 U.S.C. §§ 144 and 455.  Plaintiff has not attached an affidavit required under 28 U.S.C. § 144.  Consequently, the Court construes the motion as brought under § 455.

Title 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any proceeding in which her impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. §§ 455(a).  "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted).  The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer."  *Holland,* at 913.  "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'"  *Holland*, 519 F.3d at 913.

The court's analysis is "fact-driven" requiring "an independent examination of the unique facts and circumstances of the particular claim at issue."  *Id*. at 914 (citation omitted).  Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra judicial source" factors requiring the reason for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial.  *Id*. (citing *Liteky v. United States,* 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

The sole basis for Plaintiff's request seeking recusal of the undersigned stems from orders the undersigned has issued in this case, primarily concerning the status of his 404-page amended complaint.  The motion otherwise provides no factual support for his allegations that the undersigned is biased.  Moreover, the issue concerning the filing of an amended complaint is not yet ripe as the Court has directed Defendants to respond to the construed motion for leave to file an amended complaint.  Thus, Plaintiff's motion for recusal of the undersigned and for ruling on

4

1    amended compliant is denied.  Finally, to the extent Plaintiff wishes to appeal any orders, there is

2    no final order to appeal.

3          Accordingly, it is **ORDERED**:

4          1.  Plaintiff's motion to take judicial notice (Doc. No. 150) is DENIED.

5          2.  Plaintiff's motion for ruling on amended complaint is construed as a motion for leave

6    to file an amended complaint (Doc. No. 153).  **Defendants shall file a response to the motion**

7    **within twenty-one (21) days.**

8          3.  Plaintiff's "motion for acknowledgment of 404 page amended complaint (Doc. No.

9    154) is GRANTED to the limited extent the Court acknowledges receipt of Plaintiff's 404-page

10   amended complaint filed and docketed on July 8, 2022.

11         4.  Plaintiff's motion for recusal of the undersigned and for ruling on amended complaint

12   (Doc. No. 157) is DENIED.

13

14   Dated:    August 22, 2022

15                                                          HELENA M. BARCH-KUCHTA
                                                            UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28